## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

IN RE:                                                    Case No.:8:16-bk-01503-CPM

CHERYL M. KOLKOWSKI,                                      Chapter 7

_____ Debtor(s).                    /

### MOTION FOR RELIEF FROM AUTOMATIC STAY

---

### NOTICE OF OPPORTUNITY TO
### OBJECT AND REQUEST FOR HEARING

**Pursuant to Locale Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party-in-interest files a response within twenty-one (21) days from the date set forth on the Proof of Service attached to this paper plus an additional three days for service. If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at U.S. Bankruptcy Court, Middle District of Florida, Tampa Division, 801 N. Florida Avenue, Suite 555, Tampa, FL 33602 and serve a copy on the movant's attorney, Evan S. Singer, Esq., Timothy D. Padgett, P.A., 6267 Old Water Oak Road, Suite 203, Tallahassee, FL 32312, and any other appropriate persons within the time allowed.**

**If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the response and may grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

---

**COMES NOW** Ditech Financial LLC f/k/a Green Tree Servicing LLC, hereinafter referred to as "Movant", seeking modification of the automatic stay in this case in order to exercise any and all rights Movant may have in the collateral described below, or in the alternative, adequate protection, and for cause would show the Court as follows:

1.      On February 25, 2016, Cheryl Kolkowski (hereinafter referred to as "Debtor"), filed for relief under Chapter 7 of the Bankruptcy Code.

2.      Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. §1334, 11 U.S.C. §362 and all other applicable rules and statues affecting jurisdiction of the Bankruptcy Courts generally.

3.      Debtor, Cheryl Kolkowski, joined by non-filing co-debtor Jennifer L. Rogers, executed a Note and Mortgage (hereinafter referred to as "Agreement") in the principal amount of $155,800.00, together with interest thereon as set forth therein. Movant is the mortgagee of record regarding a Mortgage securing the Note and encumbering certain property as more fully described in this Motion for Relief from Stay. A copy of the Mortgage, together with the Note and any applicable Assignment of Mortgage are attached hereto as Exhibit "A".

4.      Funds were advanced in connection with the aforementioned agreement as purchase money for the following real property:

**REAL PROPERTY AT 6272 ALDERWOOD STREET, SPRING HILL , FL 34606, AND MORE ACCURATELY DESCRIBED BY ITS LEGAL DESCRIPTION WHICH IS:**

LOT 1, BLOCK 41, SPRING HILL UNIT 1, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 7, PAGES 53 THROUGH 64, INCLUSIVE, OF THE PUBLIC RECORDS OF HERNANDO COUNTY, FLORIDA.

5.      The terms of the aforementioned Agreement entitle Movant to possession of the collateral upon Default. The Movant has declared the Debtor in Default.

6.      Movant now holds equitable title to the collateral as a result of the terms of the Agreement.

7.      Debtor has defaulted under the terms of the Agreement by failing to make the payments as required under the Agreement. The account is currently due for the

December 1, 2015, payment. The current delinquency as of March 1, 2016, is $3,767.73 through and including the March 1st, 2016, payment and late fees. The current monthly payment is $893.58 which consists of principal, interest, escrow, and insurance. The payoff is $147,381.91 as of March 1, 2016, and the per diem is $15.11, but the value of the property is only $140,000.00 according to the estimate used in the sworn Schedule of Real Property filed by the Debtor and is only $122,319.00 according to the Hernando County Property Appraiser report, attached hereto as **"Exhibit B"**. Accordingly there is no equity or value to the estate. The Trustee has not abandoned an interest in the property, and the Debtor has not claimed the property as exempt. The Debtor has indicated in the Statement of Intention that the collateral securing the Agreement will be surrendered to Movant.

8.      Accordingly, Movant requests that the Court grant it relief from the Automatic Stay in this case pursuant to 362(d)(1) of the Bankruptcy Code for cause, namely, the lack of adequate protection to Movant for its interest in the collateral. The value of the collateral is not sufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to Movant.

9.      In support of this Motion for Relief of the stay under 362(d) of the Bankruptcy Code, Movant would show that it would be inequitable to permit Debtor to retain the collateral, that there is no equity in the collateral, and that said collateral is not necessary for an effective reorganization. Additionally, Movant would show that Debtor has failed to timely meet and satisfy the payment requirements with respect to the obligations set forth in the agreement.

10.     Movant submits that lack of adequate protection in this case is this appropriate ground for relief which the Movant seeks under 362(d), and that the possible existence of equity over and above the indebtedness, which Movant denies exists, would not, even if it did exist, constitute adequate protection as contemplated by the Bankruptcy Code. Additionally, Movant would show that its indebtedness continues to accrue interest and the Debtor enjoys the benefits of collateral without following the requirements of the Bankruptcy Code.

11.     Secured Creditor has incurred attorneys' fees of $750.00 and costs in the amount of $176.00 as a result of the necessity of filing this Motion. Secured Creditor's attorneys' fees and costs are recoverable as part of the debt pursuant to the loan documents.

12.     Movant is receiving no payments from the Debtor to protect Movant against the erosion of its collateral position and Movant is not otherwise being adequately protected.

13.     If Movant is not permitted to enforce its security interest in the collateral or is not provided with adequate protection, it will suffer irreparable injury, loss and damage.

14.     Movant asserts that sufficient cause exists to waive the requirement of Bankruptcy Rule 4001(a)(3), therefore allowing any order entered to be effective upon execution since the collateral is easily moved, easily secreted, or easily damaged within the fourteen day period that would otherwise stay recovery of the collateral. In addition, Movant respectfully requests that the Court suspend the Rule in all instances in which there is a consent on the part of the Debtor.

15.     All communications sent by Secured Creditor in connection with proceeding against the property including, but not limited to, notices required by state law and communications to offer and provide information with regard to potential Forbearance Agreement, Loan Modification, Refinance Agreement, Loss Mitigation Agreement, or other Loan Workout, may be sent directly to the Debtor.

16.     Movant requests that should the Debtor convert this case to another chapter that relief awarded will survive any conversion made by the Debtor. However, Movant may not enforce any personal liability against the Debtor if Debtor's personal liability is discharged in the bankruptcy case, that the relief awarded will survive any conversation made by the debtor and will not be allowed to include the creditor in the Chapter 13 plan and granting such other relief as the Court may deem just and proper.

**WHEREFORE, PREMISES CONSIDERED,** Movant moves this Court to enter its order granting relief from stay to Movant and that the fourteen day (14) days stay of the Order Granting Relief pursuant to Bankruptcy Rule 4001(a)(3) is waived so that, Ditech Financial LLC f/k/a Green Tree Servicing LLC, can pursue its *in rem,* including right to foreclosure, remedies without further delay and award bankruptcy fees and costs for the prosecution of this motion, that Movant may send communication to the Debtor in connection with proceeding against the property including, but not limited to, notices required by state law and communications to offer and provide information with regard to potential Forbearance Agreement, Loan Modification, Refinance Agreement, Loss Mitigation Agreement, or other Loan Workout, and may enter into such agreement with Debtor without violating any Discharge Order. However, Movant may not enforce any personal liability against Debtor if Debtor's personal liability is discharged in the

bankruptcy case, that the relief awarded will survive any conversion made by the debtor will not

be allowed to include the creditor in the Chapter 13 plan and granting such other relief as the

Court may deem just and proper.

**DATED** this the ____30th____ day of March, 2016.

Respectfully submitted,

/S/ Evan S. Singer

_____

EVAN S. SINGER, ESQ.
Florida Bar # 101406
TIMOTHY D. PADGETT, P.A.
6267 Old Water Oak Road, Suite 203
Tallahassee, FL 32312
(850) 422-2520 (telephone)
(850) 422-2567 (facsimile)
ess@padgettlaw.net
*Attorney for Creditor*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished

to the parties on the attached Service List by electronic notice and/or by First Class U.S. Mail on

this the __30th__ day of March, 2016:


/S/ Evan S. Singer

_____
EVAN S. SINGER, ESQ.
Florida Bar # 101406
TIMOTHY D. PADGETT, P.A.
6267 Old Water Oak Road, Suite 203
Tallahassee, FL 32312
(850) 422-2520 (telephone)
(850) 422-2567 (facsimile)
ess@padgettlaw.net
*Attorney for Creditor*

## ADDENDUM TO MOTION FOR RELIEF

Documentation provided is in support of right to see a lift of stay and foreclose if necessary.

## SERVICE LIST (CASE NO. 8:16-bk-01503-CPM)

Debtor(s)
Cheryl M. Kolkowski
4228 Tarkington Rd.
Land O Lakes, FL 34639

Trustee
Traci K. Stevenson
P.O. Box 86690
Madeira Beach, FL 33738

US Trustee
United States Trustee - TPA7/13, 7
Timerblake Annex Ste 1200
501 E Polk St
Tampa, FL 33602

Attorney for Debtor
Sandra H. Day, P.A.
PO Box 5535
Spring Hill, FL 34611

LORINDA   2555/1399

OFFICIAL RECORDS
BK: 2555  PG: 1399

After Recording Return To:
COUNTRYWIDE BANK, FSB
MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423

This document was prepared by:
APRIL TSIKURIOS
COUNTRYWIDE BANK, FSB

| RECORDING FEES | $ | 95.00 |
| MORTGAGE DOC STAMP | $ | 545.30 |
| INTANGIBLE TAX COLLECTIONS | $ | 311.60 |
| 04/22/2008 | Deputy Clk |

5100 W. KENNEDY BLVD, #450
TAMPA
FL 33609

[Space Above This Line For Recording Data]

Record and Return To:
Law Offices of David J. Stern, P.A.
801 S. University Dr., Ste 500
Plantation, FL 33324

ROGERS
[Escrow/Closing #]

[Doc ID #]

## MORTGAGE

MIN

Note: This document was presented for Recording containing
SOME ENTRIES THAT ARE OF POOR QUALITY AND MAY
NOT BE LEGIBLE.

04/22/2008   12:04PM H Pages 11
Filed & Recorded in Official Records of
HERNANDO COUNTY CLERK OF COURT
KAREN NICOLAI

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A) "Security Instrument"** means this document, which is dated APRIL 04, 2008      , together with all Riders to this document.

**(B) "Borrower"** is
JENNIFER L ROGERS, AN UNMARRIED WOMAN, AND CHERYL KOLKOWSKI, AN UNMARRIED WOMAN

Borrower is the mortgagor under this Security Instrument.

**(C) "MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the mortgagee under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026 Flint, MI 48501-2026, tel. (888) 679-MERS.

**(D) "Lender"** is
COUNTRYWIDE BANK, FSB
Lender is a FED SVGS BANK                                                        organized and
existing under the laws of THE UNITED STATES
Lender's address is
1199 North Fairfax St. Ste.500, Alexandria, VA 22314

**(E) "Note"** means the promissory note signed by Borrower and dated APRIL 04, 2008     . The Note states that Borrower owes Lender
ONE HUNDRED FIFTY FIVE THOUSAND EIGHT HUNDRED and 00/100

Dollars (U.S. $155,800.00     ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than APRIL 01, 2038     .

**(F) "Property"** means the property that is described below under the heading "Transfer of Rights in the Property."

**(G) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

**(H) "Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ 1-4 Family Rider |
| ☐ VA Rider | ☐ Biweekly Payment Rider | ☐ Other(s) [specify] |

FLORIDA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS

M Mortgage-FL
2006A-FL (08/07)(d/i)                           Page 1 of 10                           Form 3010 1/01

OFFICIAL RECORDS
BK: 2555  PG: 1400

DOC ID #:

(I) **"Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(J) **"Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(K) **"Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(L) **"Escrow Items"** means those items that are described in Section 3.

(M) **"Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(N) **"Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(O) **"Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(P) **"RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) **"Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property located in the

| COUNTY | of | HERNANDO | : |
|---|---|---|---|
| [Type of Recording Jurisdiction] | | [Name of Recording Jurisdiction] | |

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Parcel ID Number: ▇▇▇▇▇▇▇     which currently has the address of
6272 ALDERWOOD STREET, SPRING HILL
[Street/City]                                              ,

Florida 34606-3921 ("Property Address"):
[Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security

OFFICIAL RECORDS
BK: 2555  PG: 1407

DOC ID #: ▐▐▐▐▐▐▐▐

   **23. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.
   **24. Attorneys' Fees.** As used in this Security Instrument and the Note, attorneys' fees shall include those awarded by an appellate court and any attorneys' fees incurred in a bankruptcy proceeding.
   **25. Jury Trial Waiver.** The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

   BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Signed, sealed and delivered in the presence of:

_Sandra J. Boone_
Brenda L. Boone

_Mary Jo Mahle_
**MARY JO MAHLA**

_____ (Seal)
JENNIFER L. ROGERS                - Borrower
7523 ROSEWOOD DRIVE
PORT RICHEY, FL 34668             (Address)

_____ (Seal)
CHERYL KOLKOWSKI                  - Borrower
7523 ROSEWOOD DRIVE
PORT RICHEY, FL 34668             (Address)

_____ (Seal)
                                 - Borrower

                                 (Address)

_____ (Seal)
                                 - Borrower

                                 (Address)

Prepared by: APRIL TSIKURIS

COUNTRYWIDE BANK, FSB

DATE:          04/03/2008
BORROWER: JENNIFER L. ROGERS
CASE NO:
LOAN NO:
PROPERTY:      6272 ALDERWOOD STREET
               SPRING HILL, FL 34606-3921

Branch #: ████████
5100 W. KENNEDY BLVD. #450
TAMPA, FL 33609
Phone: (813)636-1800
Br Fax No.: (877)662-8091

# SIGNATURE/NAME AFFIDAVIT

BORROWER:
JENNIFER L. ROGERS

THIS IS TO CERTIFY THAT MY LEGAL SIGNATURE IS AS WRITTEN AND TYPED BELOW.
(This signature must exactly match signatures on the Note and Mortgage or Deed of Trust.)

JENNIFER L. ROGERS
(Print or Type Name)

Signature

(If applicable, complete the following.)

I AM ALSO KNOWN AS:

JENNIFER ROGERS
(Print or Type Name)

Signature

Jennifer Lynn Rogers
(Print or Type Name)

Signature

(Print or Type Name)

Signature

(Print or Type Name)

Signature

are one and
and that
the same person.

State/Commonwealth of _____FLORIDA_____
County/Parish of _____Hernando_____

Subscribed and sworn (affirmed) before me,
this ____ day of ____April____, 2008.

MARY JO MAHLA

Notary Public
State/Commonwealth of _____FL_____
Acting in the County/Parish of _____Hernando_____
My Commission Expires: _____

Mary Jo Mahla
Commission # DD579504
Expires November 29, 2010
Bonded Troy Fain - Insurance, Inc. 800-385-7019

Signature/Name Affidavit
1304—US (10/07)(d/i)

Page 1 of 1

Prepared by: APRIL TSIKURLOS

COUNTRYWIDE BANK, FSB

DATE:         04/03/2008
BORROWER:  CHERYL KOLKOWSKI
CASE NO:
LOAN NO:
PROPERTY:    6272 ALDERWOOD STREET
              SPRING HILL, FL 34606-3921

Branch #: ▮▮▮▮
5100 W. KENNEDY BLVD. #450
TAMPA, FL 33609
Phone: (813)636-1800
Br Fax No.: (877)662-8091

# SIGNATURE/NAME AFFIDAVIT

BORROWER:
CHERYL KOLKOWSKI

THIS IS TO CERTIFY THAT MY LEGAL SIGNATURE IS AS WRITTEN AND TYPED BELOW.
(This signature must exactly match signatures on the Note and Mortgage or Deed of Trust.)

CHERYL KOLKOWSKI
(Print or Type Name)                                   _Cheryl Kolkowski_
                                                        Signature

(If applicable, complete the following.)

I AM ALSO KNOWN AS:

CHERYL L KOLJOWSKI
(Print or Type Name)                                   _Cheryl L Krehje_
                                                        Signature

_Cheryl Marie Kolkowski_                               _Cheryl Mari Krehje_
(Print or Type Name)                                    Signature

_____                         _____
(Print or Type Name)                                    Signature

_____                         _____
(Print or Type Name)                                    Signature

                                                        are one and
and that
the same person.

State/Commonwealth of  _FLORIDA_
County/Parish of  _Hernando_

Subscribed and sworn (affirmed) before me
this ____ day of _April_ ____ 2008   _Mary Jo Mahla_
                                      MARY JO MAHLA
                                      Notary Public
                                      State/Commonwealth of _FL_
                                      Acting in the County/Parish of _Hernando_
                                      My Commission Expires: _____

Signature/Name Affidavit
1304--US (10/07)(d/i)                  Page 1 of 1

Mary Jo Mahla
Commission # DD▮▮▮
Expires November ▮▮
Bonded Troy Fain Insurance, Inc 800-385-7019

OFFICIAL RECORDS
BK: 2555  PG: 1409

# Exhibit A

LOT 1, BLOCK 41, SPRING HILL UNIT 1, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 7, PAGES 53 THROUGH 64, INCLUSIVE, OF THE PUBLIC RECORDS OF HERNANDO COUNTY, FLORIDA.

Parcel Identification Number: ███████████

## Schedule A

THE FOLLOWING DESCRIBED PROPERTY IS LOCATED IN THE COUNTY OF
HERNANDO, STATE OF FLORIDA AS FOLLOWS:

LOT 1, BLOCK 41, SPRING HILL UNIT 1, ACCORDING TO THE PLAT THEREOF AS
RECORDED IN PLAT BOOK 7, PAGES 53 THROUGH 64, INCLUSIVE, OF THE PUBLIC
RECORDS OF HERNANDO COUNTY, FLORIDA.
SUBJECT TO RESTRICTIONS, RESERVATIONS, EASEMENTS, COVENANTS, OIL, GAS
OR MINERAL RIGHTS OF RECORD, IF ANY.

Instr █████ BK: 3241 PG: 1998, Filed & Recorded: 6/30/2015 9:04 AM TLM Deputy Clk, #Pgs:1
Don Barbee Jr,Clerk of the Circuit Court Hernando CO FL Rec Fees: $10.00

When Recorded Return To:
Indecomm Global Services
1260 Energy Lane
St. Paul, MN 55108

This instrument was prepared by:
Harish Thimaraju
1260 Energy Lane
ST Paul, MN 55108

# Assignment of Mortgage

Dated: **June 26, 2015**

Loan: █████
Package: █████
Document

For value received **Ocwen Loan Servicing, LLC, 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409**, the undersigned hereby grants, assigns and transfers to **Green Tree Servicing LLC, 7360 South Kyrene Rd, T314, Tempe, AZ 85283**, all beneficial interest under a certain Mortgage dated **April 4, 2008** executed by **JENNIFER L. ROGERS, AN UNMARRIED WOMAN, AND CHERYL KOLKOWSKI, AN UNMARRIED WOMAN** and recorded in Book **2555** on Page(s) **1399** as Document Number █████ on April 22, 2008 of the official records of the County Recorder of Hernando County, Florida.

**WITNESSES:**

Witness 1: Tou Vang

Witness 2: Rufus Weah

Ocwen Loan Servicing, LLC

By: _____

**Cali Paneng Xiong,**
**Assistant Secretary**

STATE OF **Minnesota**            )
COUNTY **Ramsey**            ) SS

On **June 26, 2015** before me, **Richard J Carlson , Notary Public** in and for said State personally appeared **Cali Paneng Xiong , Assistant Secretary** of **Ocwen Loan Servicing, LLC**, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted, executed the instrument. WITNESS my hand and official seal.

RICHARD J. CARLSON
Notary Public-Minnesota
My Commission Expires Jan 31, 2018

Richard J Carlson, Notary Public
My Commission expires: **January 31, 2018**

Prepared by: APRIL TSIKURIOS

LOAN #: ███████

# NOTE

APRIL 04, 2008
[Date]

FLORIDA
[State]

[City]

6272 ALDERWOOD STREET, SPRING HILL, FL 34606-3921
[Property Address]

## 1.    BORROWER'S PROMISE TO PAY
In return for a loan that I have received, I promise to pay U.S. $155,800.00        (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is
COUNTRYWIDE BANK, FSB
I will make all payments under this Note in the form of cash, check or money order.
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2.    INTEREST
Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of    6.625 %.
The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3.    PAYMENTS
(A)  Time and Place of Payments
I will pay principal and interest by making a payment every month.
I will make my monthly payment on the  FIRST         day of each month beginning on  MAY 01, 2008
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on APRIL 01, 2038     , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at
P.O. Box 660694, Dallas, TX 75266-0694
or at a different place if required by the Note Holder.
(B)  Amount of Monthly Payments
My monthly payment will be in the amount of U.S. $997.60

## 4.    BORROWER'S RIGHT TO PREPAY
I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.
I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5.    LOAN CHARGES
If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6.    BORROWER'S FAILURE TO PAY AS REQUIRED
(A)  Late Charge for Overdue Payments
If the Note Holder has not received the full amount of any monthly payment by the end of  FIFTEEN         calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be    5.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.
(B)  Default
If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.
(C)  Notice of Default
If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

FLORIDA FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Fixed Rate Note-FL
2005N-FL (03/07)(d/i)                    Page 1 of 2                    Form 3210 1/01

LOAN #: ████████

**(D)  No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E)  Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7.  GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8.  OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9.  WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10.  UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**11.  DOCUMENTARY TAX**

The state documentary tax due on this Note has been paid on the mortgage securing this indebtedness.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
JENNIFER L. ROGERS                                     -Borrower

_____ (Seal)
CHERYL KOLKOWSKI                                      -Borrower

_____ (Seal)
                                                                    -Borrower

_____ (Seal)
                                                                    -Borrower

*[Sign Original Only]*

PAY TO THE ORDER OF

WITHOUT RECOURSE
COUNTRYWIDE BANK, FSB

BY _____
LAURIE MEDER
SENIOR VICE PRESIDENT

# Delaware

PAGE  1

## The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF MERGER, WHICH MERGES:

"DITECH MORTGAGE CORP", A CALIFORNIA CORPORATION,

"DT HOLDINGS LLC", A DELAWARE LIMITED LIABILITY COMPANY,

WITH AND INTO "GREEN TREE SERVICING LLC" UNDER THE NAME OF "GREEN TREE SERVICING LLC", A LIMITED LIABILITY COMPANY ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF DELAWARE, AS RECEIVED AND FILED IN THIS OFFICE THE THIRTEENTH DAY OF AUGUST, A.D. 2015, AT 1:35 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE EFFECTIVE DATE OF THE AFORESAID CERTIFICATE OF MERGER IS THE THIRTY-FIRST DAY OF AUGUST, A.D. 2015, AT 12:05 O'CLOCK A.M.

2458190   8100M

151168309

You may verify this certificate online
at corp.delaware.gov/authver.shtml

Jeffrey W. Bullock, Secretary of State

AUTHENTICATION: 2641973

DATE: 08-13-15

Exhibit G

*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 01:35 PM 08/13/2015*
*FILED 01:35 PM 08/13/2015*
*SRV 151168309 – 2458190 FILE*

# STATE OF DELAWARE
# CERTIFICATE OF MERGER

Pursuant to Title 6, Section 18-209 of the Delaware Limited Liability Company Act, the undersigned hereby executes the following Certificate of Merger:

**FIRST**: The surviving limited liability company is **Green Tree Servicing LLC**, a Delaware limited liability company, and the corporation and limited liability company being merged into this surviving limited liability company are:

> **DT Holdings LLC**, a Delaware limited liability company, and
> **Ditech Mortgage Corp**, a California corporation.

**SECOND:** The Agreement and Plan of Merger has been approved, adopted, certified, executed and acknowledged by each of the constituent corporations and limited liability companies pursuant to Title 6, Section 18-209 of the Delaware Limited Liability Company Act.

**THIRD:** The name of the surviving limited liability company is hereby amended to **Ditech Financial LLC**, a Delaware limited liability company (as such surviving entity, the "Surviving Limited Liability Company").

**FOURTH:** The mergers are to become effective as of 12:05 AM EDT on August 31, 2015.

**FIFTH:** The Agreement and Plan of Merger is on file at 3000 Bayport Drive, Suite 880, Tampa, FL 33607, the principal place of business of the Surviving Limited Liability Company.

**SIXTH:** A copy of the Agreement and Plan of Merger will be furnished by the Surviving Limited Liability Company on request, without cost, to any stockholder or member of the constituent corporations or limited liability companies, as applicable.

[The remainder of page intentionally left blank.]

**IN WITNESS WHEREOF,** said Surviving Limited Liability Company has caused this certificate to be signed by an authorized officer, the 4th day of August, 2015.

**GREEN TREE SERVICING LLC**

By: _Wanda Stark Lindow_

Name: Wanda Lamb-Lindow
Title: Assistant Secretary

*[Certificate of Merger]*



**John C. Emerson, CFA**
**HERNANDO COUNTY**
**PROPERTY APPRAISER**
*"To Serve and Assess With Fairness"*

**\*\*Street Level photos may not be available if structure is not visible from road.**

2015 Final Tax Roll

Parcel Key: ▉▉▉    Parcel #: ▉▉▉▉▉▉

### Owner Information

Owner Name: KOLKOWSKI CHERYL
ROGERS JENNIFER L
Mailing Address: 6272 ALDERWOOD ST
SPRING HILL FL 34606-3921

### Property & Assessment Values

| | | | |
|---|---|---|---|
| Building: | $114,311 | Assessed: | $111,065 |
| Features: | $2,005 | Exempt: | $50,000 |
| Land: | $6,003 | Capped: | $111,065 |
| AG Land: | $0 | Excl Cap: | $0 |
| Market: | $122,319 | Taxable: | $61,065 |

**\*\* Repaired Sinkhole \*\***

### Property Information

Site Address: 6272 ALDERWOOD ST
Description: SPRING HILL UNIT 1 BLK 41 LOT 1 ORB 1052 PG 1555
DOR Code: (01) SINGLE FAMILY
Levy Code: CWES          Sec/Tnshp/Rng: 28-23-17
Subdivision: SPRING HILL UN 1 (5010)
Neighborhood: SPRING HILL UNITS 1 THRU 3 (5010)

### Tax Information

AdValorem: $1,165.45
NONAdValorem: $251.64

Total For 2015: $1,417.09
Total For 2014: $1,389.26
Total For 2013: $1,372.13
Total For 2012: $1,435.42

Real Time Tax Info    Pay Taxes On-line

Bldg #1 - SINGLE FAMILY RESIDENCE

212629 04/11/2013

### Land Breakdown

| Land Use | Units | Value |
|---|---|---|
| RESIDENTIAL/SQFT RATE | 11,116.00 SQUARE FEET | 6,003 |

### Sales Breakdown

| Sale Date | Book/Page | Deed Type | Vacant/Improved | Qualification | Sale Price | Grantee |
|---|---|---|---|---|---|---|
| 04/04/2008 | 2555/1397 | SW | I | D | $164,000 | KOLKOWSKI CHERYL |
| 12/18/2007 | 2519/601 | CT | I | D | $100 | FEDERAL HOME LOAN MORTGAGE CORP (THE) |
| 03/13/2006 | 2219/1610 | SW | I | Q | $266,700 | MORENO INGRID |
| 11/22/2004 | 1948/1019 | WD | V | Q | $25,000 | MARONDA HOMES INC OF FLORIDA |
| 03/11/1997 | 1113/1453 | WD | V | Q | $7,500 | KNAPP RICHARD D & ALICE L |
| 07/10/1996 | 1081/1431 | WD | V | D | $2,500 | ROLPH JANE L |
| 01/01/1980 | | | | | $0 | RENAI DAVID A EST OF |

### Building Characteristics

| Bldg # | Description | Year Built | Area (Base/Aux) | Bed/Bath | Value |
|---|---|---|---|---|---|
| 1 | SINGLE FAMILY RESIDENCE(01) | 2006 | 2896/898 | 4/3 | $114,311 |

**NOTE:** All S.F. Calculations are based on exterior building dimensions

### Extra Features

| Bldg# | Description | Actual Year | Dimensions | Current Value |
|---|---|---|---|---|
| 1 | PATIO, CONCRETE (PT2) | 2006 | 220 Square Feet | $396 |
| 1 | PAVEMENT, CONCRETE WALKS/DRIVE (PV1) | 2006 | 810 Square Feet | $1,458 |
| 1 | PAVEMENT, CONCRETE WALKS/DRIVE (PV1) | 2006 | 84 Square Feet | $151 |

### Addresses

6272 ALDERWOOD ST

### Businesses

| Name | TPP PIN | TPP Key | Date Filed | Date Audit | Levy Code | NAICS | Ent Zone | Curr Val | Last Yr Val | 2 Yrs Ago |
|---|---|---|---|---|---|---|---|---|---|---|

No Matching Records Found or the Information is Exempt per Florida Statute(s).

### Mobile Homes

| Name | PIN | Key | Date Filed | Date Audit | Levy Code | NAICS | Ent Zone | Current Value | Last Year Value | 2 Years Ago |
|---|---|---|---|---|---|---|---|---|---|---|

No Matching Records Found or the Information is Exempt per Florida Statute(s).

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

IN RE:                                                 Case No.:8:16-bk-01503-CPM

CHERYL M. KOLKOWSKI,                                   Chapter 7

_____ Debtor(s). _____ /

### AFFIDAVIT IN SUPPORT OF MOTION FOR RELIEF

I, _Renae Hale_ , _____Bankruptcy Representative_____ , hereby state

the following:

    1.    I am a duly authorized representative of Ditech Financial LLC f/k/a Green Tree

Servicing LLC. Ditech Financial LLC f/k/a Green Tree Servicing LLC is hereinafter

referred to as "Movant." I hereby make this Affidavit based upon the foregoing capacity.

    2.    Movant is authorized to do business in the State of Florida and to sue on its

behalf.

    3.    I am a _____Bankruptcy Representative_____ for Movant and in the course of

my employment, I have become familiar with the manner and method in which Movant

maintains its books and records in its regular course of business. Those books and

records are managed by employees and agents whose duty it is to keep the books and

records accurately and completely and to record each event or item at or near the time of

the event or item so noted.

    4.    I have reviewed the books and records which reveal that Movant is the mortgagee

of record regarding a Mortgage securing the Note and encumbering certain property as

more fully described in this Motion for Relief from Stay. Said Agreement is attached to the Motion for Relief from Stay as Exhibit "A." I certify that all documents attached as exhibits to the Motion for Relief from Stay are true and accurate copies of the original documents.

5.        Debtor is in default on the contractual obligations required by the Agreement in that Debtor has failed to make the installment payments when due and owing.

6.        The account is currently due for the December 1, 2015, payment. The current delinquency as of March 1, 2016, is $3,767.73 through and including the March 1st, 2016, payment and late fees. The current monthly payment is $893.58 which consists of principal, interest, escrow, and insurance. The payoff is $147,381.91 as of March 1, 2016, and the per diem is $15.11, but Movant estimates the value of the property to be significantly less. Accordingly there is no equity or value to the estate.

7.        By failing to make regular monthly installment payments due pursuant to the Agreement, Debtor has failed to provide adequate protection. Regular payments in the amount of $893.58 per month would be considered by Movant to be fair and equitable as adequate protection pending final resolution of this motion for Relief from Stay, or in the alternative, Adequate Protection. However, the delinquent amounts for all prior months through the present, together with a reasonable attorney's fee and filing fee, must also be paid. Debtor must also pay for the insurance premiums or provide proof of insurance on the collateral.

8.    Movant has had to retain counsel to represent it before this Court and is incurring

legal expenses and attorney's fees for which it is entitled to reimbursement under the

terms of the Agreement.

The foregoing facts are of my own personal knowledge and belief, and if called upon to

appear as witness, I could, and would, testify competently thereto. I declare under penalty of

perjury that the foregoing facts are true and correct based on my personal knowledge of the

Movant's books and business records.

_____    Bankruptcy Representative

_Renae Hale_    , _____

**EXECUTED** this the ___29___ day of March, 2016.


**STATE OF**    Florida

**COUNTY OF**    Duval

The foregoing instrument was acknowledged before me by _Renae Hale_ ,
who is personally known to me or who has produced a driver's license as identification, who did
take an oath, and is known to be the person described in and who executed the foregoing
instrument, and acknowledged to and before me that he or she executed said document for the
purposes therein expressed.

**WITNESS** my hand and official seal, on this the ___29___ day of March, 2016.

CHRISTY HAVENS
MY COMMISSION # EE 882248
EXPIRES: July 10, 2017
Bonded Thru Budget Notary Services

Notary Signature: _____

Printed
Name: __**Christy Havens**__

Notary Florida    State: _____

Commission Exp: _7/10/2017_

```
PAY4                 AS-OF 03/01/16  PAYOFF CALCULATION TOTALS 02/29/16  10:22:15
NAME C  KOLKOWSK CONTACT NAME CHERYL KOLKOWSKI
--------------------------------------------------------------------------------
PRINCIPAL BALANCE         143,066.21      ---- 1ST MORTGAGE RATE CHANGES ----
INTEREST 03/01/16           1,853.11      INT FROM     RATE        AMOUNT
PRO RATA MIP/PMI              109.05      11/01/15   4.62500      1,853.11
ESCROW ADVANCE              2,101.88      03/02/16
ESCROW BALANCE                   .00
SUSPENSE BALANCE                 .00
HUD BALANCE                      .00
REPLACEMENT RESERVE              .00
RESTRICTED ESCROW                .00
TOTAL-FEES                       .00
ACCUM LATE CHARGES            193.41
ACCUM NSF CHARGES                .00
OTHER FEES DUE                   .00
PENALTY INTEREST                 .00
FLAT/OTHER PENALTY FEE           .00      TOTAL 1ST MTG INTEREST    1,853.11
CR LIFE/ORIG FEE RBATE           .00      TOTAL TO PAYOFF         147,381.91
RECOVERABLE BALANCE            58.25  PRINT DISALLOWED:   NOT SIGNED ON TO OLLW


--------------------------------------------------------------------------------
```

```
PAY3 ▮▮▮▮▮▮▮        AS-OF 03/01/16 PAYOFF FEES AND PERDIEM    02/29/16  10:22:16
------------------------------------------------------------    --------------
------------------------------ ASSESS WAIVE --- ADDITIONAL 1ST MTG FEES ---
   FROM       RATE      AMOUNT    N   N 1       .00  PAYOFF PROC FEE
03/02/16    04.62500     15.11    N   N 2       .00  FAX FEE
                                  N   N 3       .00  RECORDING FEE
                                  N   N 4       .00
----- 2ND MORT PERDIEM INTEREST ----- N   N 5       .00
   FROM       RATE      AMOUNT    N   N 6       .00
03/02/16    00.00000       .00    N   N 7       .00  INTERNET PAYOFF FEE
                                  N   N 8       .00  INT ADDL PAYOFF FEES
                                      N         193.41  ACCUM LATE CHARGES
                                      N         .00  ACCUM NSF CHARGES
                                      N         .00  OTHER FEES DUE
-------------------------------- MEMO ITEMS -----------------2ND INV F92 001
PAYMENT L/C    27.63    1ST TP 16 2ND TP 26 ST 09 CNTY 053    INV F40 001
-------------------------------------------------------------------------------
-=SPOC=-
PENDING PAYOFF AS OF 02/04/16 QUOTED 01/25/16 BY WEB
ACTIVE CH 7 BANKRUPTCY              DISCHARGED CH7 BANKRUPTCY
PROC STOP = B  BANKRUPTCY           LOAN PAST DUE   4 MONTHS
031 DAYS TO PROJECTED LEGAL DATE    COMBINED SECOND MTG.
-------------------------------------------------------------------------------
```